STATE OF MAINE                                   SUPERIOR COURT
KENNEBEC, ss                                     CIVIL ACTION
                                                 DOCKET NO. AP-18-71

DOROTHY KALER

                 Petitioner,

                                                 **ORDER DENYING PETITION FOR 80C**
v.                                               **RELIEF**

MAINE DEPARTMENT OF
HEALTH AND HUMAN
SERVICES

                 Respondent.


Before the court is petitioner Dorothy Kaler's M.R. Civ. P. 80(C) Petition for Review of

Final Agency Action. Petitioner is represented by Attorney Caleb Gannon. Respondent is

represented by Assistant Attorney General Thomas Quinn. Oral argument was held on August 6,

2019. For the following reasons, the petition is denied.


### Background

Mrs. Kaler is a 96-year-old-woman who applied for MaineCare coverage for institutional

care to begin retroactively on November 1, 2014. DHHS imposed a Medicaid penalty of 72.48

months based on transfers of assets totaling $555,707.52 for less than fair market value during the

60 months prior to November 1, 2014. The transfers involve funds transferred from Mrs. Kaler's

late husband, Robert Kaler, Sr., to Kaler Oil Company, Inc. between November 1, 2009, and

October 31, 2014. An administrative hearing was held on March 24, 2016. The issues to be

decided at the hearing were whether the gifted transfers of money were for purposes exclusive of

1

qualifying for MaineCare and whether Mrs. Kaler had any intent at the time to apply for MaineCare within the foreseeable future.

The evidence presented at the March 24, 2016 hearing included that the Company was started by Robert Kaler, Sr., in 1958. Robert Kaler, Sr., was president of the Company until 2011, when he took on an advisory role and his son, Robert Kaler, Jr. became president. In 2007, 2008, and 2009 the Company spent $601,115 in upgrading the facility to comply with Environmental Protection Agency mandates. During the period of June 1, 2009 to May 31, 2014, the Company reported a net loss of $629,121. The funds at issue in this action include transfers between $412,277 and $512,027 from Robert Kaler, Sr.'s personal accounts and a home equity line of credit to the Company to keep the business operating and avoid bankruptcy. During this time, Mrs. Kaler enjoyed total independence and there is no evidence that she was unable to care for herself until September 25, 2014, when her records first noted dementia.

The May 31, 2016 Administrative Hearing Decision decided that "the evidence presented clearly and convincingly shows that the purpose of the transfers in question was for purposes exclusive of qualifying for Medicaid and that Claimant had no intent at the time to apply for Medicaid within the foreseeable future." (R. 2460.) The matter was remanded to the Department of Health and Human Services for evaluation of Mrs. Kaler's eligibility related to her countable assets.

The Department denied MaineCare to Mrs. Kaler via a letter dated June 24, 2016, which stated, "countable assets are more than the asset limit." The Case Summary listed $512,027 as an asset identified as "total monies loaned to Kaler Oil." A second administrative hearing was scheduled for May 8, 2018. The issue to be decided at the second hearing was whether "the loans extended to Kaler Oil Co. from Dorothy Kaler between November 1, 2009 to October 31, 2014,

2

totaling $555,707 [should] be treated as countable assets for purposes of MaineCare eligibility for Dorothy Kaler, and if so, what is the result?"

The Hearing Officer made findings of fact that Robert Kaler, Sr. extended loans totaling between $412,277 and $512,027 to Kaler Oil between November 1, 2009 and October 31, 2014, and that those loans were not memorialized in any written agreements. The hearing officer found that Mrs. Kaler was not ineligible for MaineCare coverage because Mrs. Kaler's interest in the asset amounts could not be determined under any authority (MaineCare nor federal regulations). Commissioner Bethany Hamm accepted the hearing officer's findings of facts but did not adopt the recommended decision, instead finding that the loans could be characterized as cash on demands pursuant to 10-144 C.M.R. Ch. 332 Part 16, § 1-2. Based on this finding, the Commissioner found that Mrs. Kaler had countable assets in excess of the applicable limit and was therefore ineligible to receive MaineCare assistance.

Following the Commissioner's decision, Mrs. Kaler filed this 80C appeal of final agency action.

### Standard of Review

The court reviews the Department's decision for abuse of discretion, error of law, or findings not supported by substantial evidence in the record. *Connolly v. Board of Social Work Licensure*, 2002 ME 37, ¶ 6, 791 A.2d 125. "The court's review is limited to determining whether the agency's conclusions are unreasonable, unjust, or unlawful in light of the record." *Imagineering v. Department of Professional & Financial Regulation*, 593 A.2d 1050, 1053 (Me. 1991). The court will sustain the administrative decision if, "on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of*

3

*Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551. The party seeking to vacate the agency's decision bears the burden of proving that no competent evidence exists to support the agency's decision. *Id.* If the facts are not in dispute, "we determine whether the Board applied the law correctly and whether it exceeded the bounds of its discretion." *Lippitt v. Bd. of Certification for Geologists and Soil Scientists*, 2014 ME 42, ¶ 16, 88 A.3d 154.

### Discussion

Mrs. Kaler's principal argument is that the transfer of funds in question were gifts to Kaler Oil, not loans, and therefore should not be considered an available asset. Unfortunately for Mrs. Kaler, record evidence exists which supports a finding that the transfers where loans. For instance, Kaler Oil's financial statements reflect that the transfers were labelled as loans and were recorded as liabilities of Kaler Oil. (R. Ex. D-1A; Ex. D-2A; Ex. D-3A; Ex. D-5A.) Additionally, the testimony of two Certified Professional Accountants also supports the transfers' status as loans and not gifts. (R. 2585; 2590-91; 2596; 2767; 2776-2777; 2783; 2786-88.) Consequently, this court cannot overturn the Commissioner's factual finding that the transfer of funds from Robert Kaler, Sr. to Kailer Oil are loans and not gifts. *See Seider*, 2000 ME 206, ¶ 9, 762 A.2d 551.

Mrs. Kaler also argues that, even if the transfers are loans, the Commissioner improperly treated them as an available asset. Specifically, Mrs. Kaler argues that the fair market value of the loans cannot be determined because there are no documents which reflect the terms of the loans. Therefore, Mrs. Kaler contends that the loans should be treated as a non-liquid asset and excluded from consideration when determining her MaineCare eligibility. Once again, the court does not agree with Mrs. Kaler's arguments.

4

Pursuant to MaineCare's implementing regulations, all available assets are used to determine whether an individual is eligible for MaineCare assistance. 10-144 C.M.R. Ch. 332, Part 16, § 2. The regulations define "Assets" as "[c]ash, other liquid resources or real or personal property." 10-144 C.M.R. Ch. 332, Part 16, § 1. An asset is available if it "has a value which is legally obtainable by the individual." 10-144 C.M.R. Ch. 332, Part 16, § 1. An asset is liquid if it "can be converted into cash on demand." 10-144 C.M.R. Ch. 332, Part 16, § 1.

In this case, Mrs. Kaler is correct that the terms of the loan—including the interest rate and time for repayment—are not specified by any loan documentation. Mrs. Kaler is incorrect to conclude, however, that this lack of specification engenders difficulty in determining the value of the loans. This is because when the terms of repayment are not specified, a loan is deemed payable on demand. *Doughty v. Sullivan*, 661 A.2d 1112, 1123 (Me. 1995). Because their repayment terms are not specified, the Commissioner did not err when she determined that the loans from Robert Kaler, Sr. to Kaler Oil are payable on demand. Record evidence thus supports a finding that Mrs. Kaler can legally obtain the face value of the loans. *See Id*. (stating that "[a] plaintiff establishes a prima facie case [for the recovery of money lent] by showing that the money was delivered to the defendant, the money was intended as a loan and the loan has not been repaid"). Consequently, the Commissioner did not err when she determined that the transfers where an available asset for the purposes of determining Mrs. Kaler's MaineCare eligibility.

### Conclusion

For the foregoing reasons, the court concludes that the record contains sufficient evidence to support a finding that the transfers of money from Robert Kaler, Sr. to Kaler Oil are loans which are available assets for the purposes of determining Mrs. Kaler's MaineCare eligibility.

5

The entry is

Petitioner Dorothy Kaler's 80C Petition for Review of Final Agency Action is DENIED. The Decision of the Department of Health and Human Services is AFFIRMED

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: 10/15/19

Justice, Superior Court